**Relda P. NACOS, Petitioner,**

v.

**DEPARTMENT OF COMMERCE, Respondent.**

**No. 2007–3041.**

United States Court of Appeals, Federal Circuit.

Dec. 29, 2006.

Before RADER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and SCHALL, Circuit Judge.

## ON MOTION

SCHALL, Circuit Judge.

### ORDER

The court treats Relda P. Nacos's correspondence concerning the timeliness of her petition for review as a motion for reconsideration of the court's previous rejection of her petition for review as untimely.

On April 19, 2006, the Administrative Judge (AJ) issued an initial decision informing Nacos that the AJ's decision would become a final Merit Systems Protection Board decision on May 24, 2006. *Nacos v. Commerce*, No. DC–0752–06–0223–I–1. The AJ's decision specified that any petition for review must be filed with this court within 60 days of the date the decision became final, i.e., July 24, 2006. Nacos's petition for review was received by the court on October 16, 2006, 145 days after the AJ's decision became final.

Nacos states that on July 27, 2006, the Board granted her an extension of time to file a petition for review with the Board and thus the AJ's decision did not become final until August 14, 2006.* However, we note that at the time of the Board's July 27 order, the AJ's decision was already the Board's final decision, and the Board's order did not render the AJ's decision nonfinal. The Board's July 27 order stated that "[i]f a petition for review is not filed by August 14, 2006, the administrative judge's April 19, 2006, initial decision will remain the final decision of the Board and any further right of appeal must then be exercised in accordance with the provisions as stated in that initial decision." Thus, pursuant to that order, because Nacos did not file a petition for review with the Board by August 14, the time for Nacos petition for review was governed by the AJ's April 19 order, i.e. a petition for review was due no later than July 24.

The 60–day filing period is "statutory, mandatory, [and] jurisdictional." *Monzo v. Dept. of Transportation, Federal Aviation Administraiton,* 735 F.2d 1335, 1336 (Fed.Cir.1984). Because Nacos's petition for review was received on October 16, 2006, 85 days late, this court must dismiss Nacos's petition as untimely.

Accordingly,

IT IS ORDERED THAT:

(1) The motion for reconsideration is denied. The petition for review is dismissed as untimely.

(2) Each side shall bear its own costs.

---

* Even if the Board's July 27 order did affect the time for filing a petition for review in this court as Nacos argues it did, Nacos admits that she did not file her petition for review within 60 days of the extended date set forth in that order. Furthermore, Fed. R.App. P. 25(c) applies only when a party is required or permitted to act within a prescribed period after a paper is served on that party, and thus does not apply to the filing of petitions for review.